IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Idris Abdus-Saber,**<br><br>                      **Plaintiff,**<br><br>**v.**<br><br>**Navy Federal Credit Union,**<br><br>                      **Defendant.** | **Chapter 12**<br><br><br><br><br><br>**Adversary Proceeding No. 25-00150-amc** |

### DEFENDANT NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS THE ADVERSARY COMPLAINT, OR IN THE ALTERNATIVE, ABSTAIN FROM HEARING IT

Defendant Navy Federal Credit Union ("Navy Federal"), by and through its undersigned counsel, hereby moves this Court (this "Motion") to dismiss the Adversary Complaint against it, with prejudice and without leave to amend; or, in the alternative, to abstain from hearing the matter.

## I.    INTRODUCTION

Plaintiff Idris Abdus Saber ("Plaintiff") filed a purported Adversary Complaint (the "Complaint") against Navy Federal on May 19, 2025. Despite his assertions to the contrary, Plaintiff failed to properly serve Navy Federal, which only became aware of the Complaint when its counsel received a notice of status hearing from the Court. At that June 10, 2025, hearing the Court made clear that because Plaintiff failed to properly sign and serve his Complaint, it was not operative. Plaintiff then filed an Amended Complaint on June 13, 2025 (the "Amended Complaint"), which again has not been properly served upon Navy Federal. On June 20, 2025, Plaintiff nevertheless filed a Request for Entry of Default and a Motion for Default Judgment despite his repeated, systemic procedural failures, which completely undermine his ability to seek

1

a default judgment. In the interest of judicial economy, however, and in an abundance of caution, Navy Federal now files this Motion.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his Chapter 13 bankruptcy petition on May 9, 2025. No. 25-11841-amc, Dkt. 1. On May 19, 2025, he filed an unsigned adversary complaint against Navy Federal. Dkt. 1.[1] Plaintiff filed a certificate of service with his adversary complaint, claiming that he served Navy Federal, through its undersigned counsel, via first-class mail on May 19, 2025. *See id.* On June 10, 2025, the Court conducted a status conference. At that status conference, the Court informed Plaintiff that his Complaint was not operative due to his failure to sign and properly serve it on Navy Federal. On June 13, 2025, Plaintiff filed the Amended Complaint, which, per his filing, changed only the fact of adding his signature. *See* Dkt. 6. That Amended Complaint, despite containing a certificate of service claiming to have been served, has not been properly served on Navy Federal. Navy Federal's awareness of the Amended Complaint stems from undersigned counsel's monitoring of the action. On June 20, 2025, Plaintiff filed a Request for Entry of Default and a Motion for Default Judgment, apparently misunderstanding that he must properly serve his Amended Complaint before he may seek a default. *See* Dkts. 7, 8.[2]

In his Amended Complaint, Plaintiff alleges that he is entitled to the title to his vehicle, a 2020 Jeep Grand Cherokee (the "Vehicle") financed by a loan with Navy Federal. *See* Am. Compl. ¶¶ 9, 11–13. He alleges that he is in physical possession of the promissory note related to that loan, and that said note contains a "special indorsement" under the Pennsylvania Uniform Commercial Code, which renders him a "holder in due course." *See id.* at 16–17. In support of

---

[1] Docket references are to the Adversary Proceeding, No. 25-00150-amc, unless otherwise noted.
[2] Although Navy Federal maintains that service has not been proper, it acknowledges that it has received actual notice of this proceeding. Accordingly, it requests that the Court rule on this motion and dismiss the Adversary Proceeding with prejudice.

2

his claims, he cites *D'Happart v. First Commonwealth Bank*, 291 A.3d 1026 (Pa. Super. Ct. 2023), a case which does not exist.[3]

As Plaintiff admits, he brought this exact claim in the Philadelphia Court of Common Pleas, which has fully litigated his claims (the "State Court Action"). *See id.* ¶¶ 20, 24; *see also* Ex. A (praecipe for final judgment in favor of Navy Federal); Ex. B (trial court opinion). The claim raised in his Adversary Complaint is the same as that raised in the State Court Action (*i.e.* that he is entitled to the Vehicle title despite not paying off his loan), and the Adversary Complaint raises the same erroneous arguments that have already been rejected by the Pennsylvania state court (*i.e.* that he is a "holder in due course" because he made what he alleges is a valid "indorsement" on a promissory note). *See* Am. Compl. ¶ 24 ("Despite unrebutted evidence of ownership and possession of the Note, the state court erroneously ruled that Plaintiff lacked standing to enforce the Note 'unless and until [he] plays the loan back.'"). Although Plaintiff has filed an appeal of the State Court Action to the Pennsylvania Superior Court, there has been a final judgment on the merits of his claim.

Plaintiff also omits from his Amended Complaint that the "August 12, 2024, [ ] bench trial" he references was the *second* time the Philadelphia Court of Common Pleas heard his claim. It originally held a hearing on these claims in October 2023, after which his claims were denied. Plaintiff appealed that denial, which appeal was quashed on procedural grounds, leading to the August 12, 2024, proceeding and, ultimately, a final judgment on the merits of his claim. *See*

---

[3] The reporter citation provided by Plaintiff takes one to the middle of *Menard v. State*, an opinion from the Supreme Court of Connecticut. *See* 291 A.3d 1025, 1026 (Conn. 2023). Navy Federal did locate an opinion from the Pennsylvania Superior Court entitled *d'Happart v. First Commonwealth Bank*. *See* 282 A.3d 704 (Pa. Super. Ct. 2022). It does not stand for the proposition that Plaintiff claims. Navy Federal suspects that Plaintiff has used generative artificial intelligence in preparing his Amended Complaint and has thus misrepresented to the Court case law that does not exist. Other courts have noted that "generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (Fed. Cl. 2025).

*generally* Ex. C.  In addition, before he filed the State Court Action, he first brought suit in the United States District Court for the Eastern District of Pennsylvania, arguing that he was entitled to the Vehicle's title.  *See Saber v. Navy Fed. Credit Union, et al.*, 2:23-cv-03350-WB (filed Aug. 25, 2023).  In that complaint, Plaintiff also alleged that he was the "holder" of the promissory note related to the Vehicle, and that Navy Federal had violated various federal statutes.  The Honorable Wendy Beetlestone dismissed his federal claims, *see Saber v. Navy Fed. Credit Union*, No. 2-23-cv-03350-WB, 2023 WL 5651988, at *4 (E.D. Pa. Aug. 31, 2023), holding that he had failed to state a federal claim on the same factual record presented in the later State Court Action and in the Adversary Complaint.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff," *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1008 (D.N.J. 2016), but courts are "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations," *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  Where another court has already decided the claims raised in a complaint, a court may dismiss such complaint based on the principles of res judicata.  *See Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (affirming dismissal under Fed. R. Civ. P. 12(b)(6) on res judicata grounds); *Tyler v. O'Neill*, 52 F. Supp. 2d 471, 473–74 (E.D. Pa. 1999) ("[R]*es judicata* . . . may be raised in a Rule 12(b)(6) motion.").  Additionally, a bankruptcy court must abstain from hearing an action based upon a state law claim that could not have been brought in federal court absent jurisdiction under the

4

bankruptcy code, where a state law claim has been commenced and may be timely adjudicated in the state forum. *See* 28 U.S.C. § 1334(c)(2).

In ruling on a motion to dismiss, the Court may look to the complaint, any documents attached thereto, and matters of public record, including prior judicial opinions. *See, e.g.*, *McTiernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, . . . and a court may take judicial notice of a prior judicial opinion."). "[P]ublicly available records from other judicial proceedings" are matters of public record and may be judicially noticed. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).

## IV. ARGUMENT

### A. Plaintiff's Claims Are Barred by Res Judicata

As is apparent on the face of his Amended Complaint, Plaintiff has already litigated the very claims he seeks to bring in front of this Court. Accordingly, his Amended Complaint must be dismissed with prejudice.

Where a final judgment has been rendered, the doctrines of res judicata and collateral estoppel bar another court from relitigating the same issues. Under 28 U.S.C. § 1738, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories . . . as they have by law or usage in the courts of such State [or] Territory . . . from which they are taken." 28 U.S.C. § 1738. Pennsylvania Bankruptcy Courts have interpreted this as meaning that "[u]nder § 1738, the bankruptcy court must look to Pennsylvania law to ascertain the preclusive effect, if any, of a judgment entered in a Pennsylvania state court." *In re Razzi*, 533 B.R. 469, 475 (Bankr. E.D. Pa. 2015).

Under Pennsylvania law, a subsequent action is precluded by a prior judgment when the following common elements are present: "(1) identity of issues; (2) identity in the cause of action;

5

(3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." *In re Razzi*, 533 B.R. at 475; *see also Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (applying Pennsylvania law). If the elements are present, "a final judgment precludes parties from relitigating claims that were part of the previous cause of action." *In re Razzi*, 533 B.R. at 475 (citations omitted). The Third Circuit has interpreted these elements to require "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (quoting *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009)). Moreover, "the pendency of an appeal does not affect the potential for *res judicata* flowing from an otherwise-valid judgment." *Ross*, 741 Fed. Appx. at 60 (quoting *5 Unlabeled Boxes*, 572 F.3d at 175); *see* Restatement (Second) of Judgments § 13 cmt. f ("[a] judgment otherwise final remains so despite the taking of an appeal . . . .").

Here, all of the required elements are present. Plaintiff brought an action against Navy Federal in state court, the same party against which he has brought his Adversary Complaint. His claims (that he is the "holder" of the promissory note through an "indorsement" and therefore he owes Navy Federal no money) were the same as those pleaded in the Adversary Complaint. There has been a final judgment on the merits. *See* Ex. A; Ex. C. Because these prior rulings and judgment are matters of public record, the Court may consider them on a motion to dismiss. *See McTiernan*, 577 F.3d at 526. Accordingly, *res judicata* bars his suit.

By Plaintiff's own admission, he is turning to this Court because of the state court's "erroneous[ ] rul[ing]." Am. Compl. ¶ 24. But federal court is not an appropriate forum to seek to overturn an allegedly erroneous state court decision. *See Lewis v. Smith*, 361 F. App'x 421, 424 (3d Cir. 2010) ("But these arguments [that the state court erred] should have been raised in a timely

6

appeal."). Here, Plaintiff has, in fact, filed an appeal to the Pennsylvania Superior Court, and Navy Federal's opposition brief is due on July 16, 2025. If the trial court erred—it did not—then the appellate court will be able to remedy any harm done to Plaintiff. And the fact that Plaintiff has appealed the state court's judgment does not affect its finality. Accordingly, this Court should dismiss Plaintiff's Adversary Complaint with prejudice as it seeks to relitigate issues that have already resulted in a final judgment.

### B. Even if Res Judicata Did Not Bar Plaintiff's Claim, the Court Should Abstain from Hearing the Action under the Doctrine of Abstention

#### 1. Mandatory Abstention Bars Plaintiff's Claims

In the alternative, Navy Federal requests that this Court abstain from adjudicating the instant case pending resolution of state court proceedings, because the instant action satisfies the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) and a timely Motion to Abstain was filed. Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Bankruptcy courts have interpreted the threshold question in cases of mandatory abstention to be whether the instant action is a core proceeding or not. *See, e.g.*, *In re Chandler*, 441 B.R. 452, 461 (Bankr. E.D. Pa. 2010) ("[f]or mandatory abstention to apply, a proceeding must not implicate a debtor's rights that arise under the Bankruptcy Code. In other words, mandatory abstention is not appropriate in core proceedings."). The court looks to whether the claim fits within the illustrative list of proceedings under 28 U.S.C. § 157(b). *See In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 405 (3d Cir. 2009). If it does, the proceeding is considered core

7

"if it invokes a substantive right provided by title 11 . . . or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Id.* (citation omitted). If the proceeding is not a core proceeding, the court then considers the five prongs established by the Third Circuit. A court must abstain if:

> (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006). Here, all the elements required for mandatory abstention are met, and this Court must abstain from hearing Plaintiff's Adversary Complaint.

First, the proceeding is not a core proceeding. Plaintiff alleges he is entitled to his Vehicle's title and that Navy Federal's lien is invalid. *See generally* Am. Compl. While this does fall under a provision in Section 157, *see* 28 U.S.C. § 157(b)(2)(K), no proof of claim has been filed by Navy Federal in the underlying bankruptcy action. "Absent that proof of claim, [debtor's] claims against [creditor] do not implicate the claims-allowance process." *In re Taggart*, No. 23-2826 & 23-2986, 2025 WL 618818 (3d Cir. Feb. 26, 2025). Accordingly, the claims Plaintiff brings in his Adversary Complaint are non-core.[4]

Next, all five prongs for mandatory abstention are met. All the counts in the Adversary Complaint are state law claims: declaratory judgment under Pennsylvania statutes, conversion, wrongful assertion of a lien, injunctive relief, breach of the duty of good faith and fair dealing, violations of the Pennsylvania Uniform Commercial Code, fraud, and misrepresentation. *See generally* Am. Compl. Plaintiff brings no federal claims and diversity jurisdiction is not present;

---

[4] Although Navy Federal has not filed a proof of claim at this time, it reserves it right to do so before expiration of any bar date that is or may be set.

8

thus, this Court would not have jurisdiction to render a final judgment if the claims were not related to the bankruptcy. *See, e.g.*, *Saber*, 2023 WL 5651988, at *4 (concluding there was no diversity jurisdiction on the same factual background raised in this Adversary Complaint and dismissing Plaintiff's state law claims for lack of jurisdiction in federal court). His action was previously commenced, and fully litigated, in the State Court Action. *See* Ex. C. Furthermore, a state court has *already* made a ruling, resulting in a final judgment, on his claims, so they have been timely adjudicated in the state court.

Accordingly, the elements for mandatory abstention are met, and this Court must abstain from adjudicating the Adversary Complaint.

### 2. Even if Mandatory Abstention Does Not Apply, the Court Should Not Hear This Matter under Discretionary Abstention

Assuming *arguendo* that this Court does have jurisdiction over Plaintiff's standalone state law claims, and either *res judicata* or mandatory abstention do not apply, this Court should decline in its discretion to adjudicate the Adversary Proceeding. "The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). Such abstention is proper where it would lead to "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (alteration in original).

*Colorado River* abstention is a "two-part inquiry": 1) whether there is a parallel state court proceeding raising identical or nearly identical allegations and issues; and 2) whether "extraordinary circumstances" merit abstention. *George V. Hamilton, Inc.*, 571 F.3d at 307–08.

9

If the proceedings are parallel, the court looks to a six-factor test to determine if "extraordinary circumstances" are present:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Id.* at 308 (alterations in original). The court then weighs and balances the factors to determine whether abstention is proper, and no one factor is dispositive. *See id.*

Here, the Adversary Proceeding is unquestionably parallel to the ongoing state court proceedings. *See, e.g.*, Section IV.A, *supra*. Accordingly, the court must weigh the six factors.

First, this is not an *in rem* proceeding, so the first factor does not apply. The state and federal forums appear to be accessible to both Plaintiff and Navy Federal, so the second factor is neutral. The third factor weighs heavily in favor of abstention, and is "the most important factor." *George V. Hamilton, Inc.*, 571 F.3d at 308 (citation omitted). Plaintiff's claims have already been fully litigated in state court and he has filed an appeal, *see* Section IV.A, *supra*, thus any federal litigation would necessarily be piecemeal. As to the fourth factor, Plaintiff originally brought claims in federal court, which were dismissed, and then filed in state court nearly two years before filing the Adversary Complaint. Under this factor, a court is tasked with considering the "relative progress made in each case, the time of filing, and any 'duplicative judicial effort that might result from federal adjudication of the case.'" *In re Hovensa, L.L.C.*, No. 2020-0019, 2020 WL 1933640, at *4 (citing *Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 309). Here, the claims have been *fully* litigated in state court, thus, any federal adjudication would result in duplicative judicial effort and relitigation of claims already decided. Accordingly, this factor weighs in favor of abstention. Under the fifth factor, Plaintiff's claims are state law claims, so this factor weighs in favor of

abstention. Finally, under the sixth factor, the state court will adequately protect the interests of the parties. Indeed, the state courts have given Plaintiff much leeway to prove his claim, and the matter is currently on appeal. If the trial court erred, the Pennsylvania appellate court will make that determination and appropriately protect Plaintiff's interests.

Considering the factors necessary for discretionary abstention, it is clear that they weigh heavily in favor of this Court exercising its discretion to abstain.

### C.  Plaintiff's Own Exhibits Defeat His Claims

Assuming *arguendo* that this Court finds that *res judicata* or abstention do not apply, Plaintiff's Amended Complaint also fails to state a claim for which relief can be granted.

Plaintiff alleges that he did not sign a final promissory note or security agreement. *See* Am. Compl. ¶ 15. Yet he attaches as Exhibit A the "Promissory Note, Security Agreement, and Disclosure" bearing his signature from May 19, 2023. *See* Am. Compl., Ex. A. He also alleges that because he stamped the promissory note with the words "without recourse," he made an indorsement upon the note and rendered himself the holder of the note.

Under Pennsylvania law, a person can only validly indorse an instrument when they are not the maker of that same instrument. *See* 13 Pa. C.S. § 3204(a) ("[an indorsement is] a signature, *other than that of a signer as maker* … that … is made on an instrument for purposes of negotiating the instrument, restricting payment of the instrument or incurring indorser's liability on the instrument." (emphasis added)). Under the same statute, a maker is defined as "a person who signs or is identified in a note as a person undertaking to pay." 13 Pa. C.S. § 3103(a). Under Pennsylvania law, the holder of an instrument is the "person in possession of a negotiable instrument that is payable either to the bearer or to an *identified person that is the person in possession*." 13 Pa. C.S. § 1201(b)(21) (emphasis added).

11

Plaintiff signed the promissory note as the borrower; thus, he is the maker of the note. *See* Am. Compl., Ex. A. Because he is the maker of the note, he cannot make a valid indorsement on it. *See* 13 Pa. C.S. § 3204(a). The words "without recourse" have literally no legal effect on that conclusion, and the Pennsylvania Supreme Court has held as much. *See Berke v. Bregman*, 176 A.2d 644, 645 (Pa. 1962) ("these words [without recourse] do not have a fixed meaning as a matter of law in a transaction either between the *maker* and the payee of a negotiable note, or between the original *parties* to any contract or other instrument."). Nor is Plaintiff the holder of the note. The promissory note is payable to the order of Navy Federal, making Navy Federal the holder.[5]

Plaintiff argues both that he did not sign the promissory note, yet simultaneously he made a valid indorsement on the note. Aside from being illogical, Plaintiff's exhibits belie his assertions. *See* Am. Compl., Ex. A. "[I]f [a plaintiff's] own exhibits contradict her allegations in the complaint, the exhibits control." *Vorchheimer v. Philadelphia Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018). Plaintiff cannot make an indorsement as the original maker of the note, thus, Plaintiff has failed to allege sufficient facts to bring a plausible claim against Navy Federal.

Even if the principles of *res judicata* and abstention did not foreclose Plaintiff's claims, his Adversary Complaint on its face fails to state a claim for which relief may be granted. Accordingly, it must be dismissed.

## V. CONCLUSION

Plaintiff has already fully and fairly litigated the claims he seeks to bring in his Adversary Complaint. He is trying to get what amounts to a fourth or even fifth bite at the apple by filing the Adversary Complaint. Even if he were not, his Adversary Complaint fails to state a claim. Navy

---

[5] Plaintiff's Exhibit A conveniently excluded the second page of the promissory note, which indicates that it is payable to Navy Federal. Attached as an exhibit is a blank copy of Navy Federal's standard promissory note, reflecting its terms, including that it is payable to Navy Federal, which was previously used as an exhibit in the State Court Action. *See* Ex. D.

Federal respectfully requests that this Court dismiss the Adversary Proceeding against it with prejudice.

**DATED:  JULY 1, 2025**                                **RESPECTFULLY SUBMITTED,**

*/s/ Sean M. Craig*
Sean M. Craig (Pa. I.D. No. 331672)
sean.craig@troutman.com
Troutman Pepper Locke LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
*Attorney for Respondent*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on <u>July 1, 2025</u>, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system. Additionally, a physical copy of this filing was mailed to Petitioner at 45 East City Avenue, Suite 525, Bala Cynwyd, PA 19004, via First-Class Mail.

Dated: July 1, 2025         */s/ Sean M. Craig*
                            Sean M. Craig